UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BRENT ALAN RISTOW,<br><br>    Plaintiff,<br><br>v.<br><br>THE STATE OF WISCONSIN, and<br>THE STATE OF MINNESOTA,<br><br>    Defendants. | Civil No. 14-988 (DWF/FLN)<br><br><br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

An IFP application will be denied, and the action will be dismissed, when a plaintiff seeks a judgment against a party that is immune from being sued. 28 U.S.C. § 1915(e)(2)(B)(iii).

In this case, the only Defendants identified in the caption of the complaint are the State of Wisconsin and the State of Minnesota. However, both of these Defendants are immune from suit in federal court under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment prohibits individuals from suing states in federal court, unless the state has consented to being sued, (Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam)), or Congress has abrogated the state's immunity by some express

statutory provision.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995).  Plaintiff's complaint includes no allegations suggesting that either the State of Wisconsin or the State of Minnesota has consented to be sued in this matter, and Plaintiff has not identified any act of Congress that would abrogate those States' immunity.[1]  Moreover, the Court cannot independently identify any legal grounds that would allow Plaintiff to avoid the States' immunity.  Thus, the Court finds that Plaintiff's current lawsuit against the State of Wisconsin and the State of Minnesota is barred by the Eleventh Amendment.

The Court recognizes that for some unexplained reason, the Defendants listed in the body of the complaint are different from those listed in the caption.  The caption identifies the two states (Wisconsin and Minnesota) as the sole Defendants, but the body of the complaint identifies the Defendants as the two States' Attorneys General – Wisconsin's Attorney General, J.B. Van Hollen, and Minnesota's Attorney General, Lori Swanson."  (Complaint, p. 2, § 2.)  Although this discrepancy between the caption and the body of the complaint is puzzling, it does not affect the resolution of this case.  Even if Plaintiff intended to name both of the States, and both of their respective Attorneys General as Defendants, his current lawsuit still would be barred by the Eleventh Amendment.

Naming the Attorneys General as additional Defendants could have no significance, because the Court would have to presume that they are being sued in their official

---

[1] It appears that Plaintiff is attempting to sue Defendants under 42 U.S.C. § 1983 for allegedly violating his federal constitutional rights.  However, it is well settled that Congress did not lift the states' Eleventh Amendment immunity when it enacted § 1983. Will, 491 U.S. at 66-67; Quern v. Jordan, 440 U.S. 332, 341-45 (1979).

capacities,[2] and damage claims brought against state employees in their official capacities are viewed as claims against the state for which they are employed. See Will, 491 U.S. at 71 ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office... [and] [a]s such, it is no different from a suit against the State itself"). Therefore, damage claims brought against state employees in their "official capacity" are barred by the Eleventh Amendment. As explained by the Eighth Circuit:

> "[T]he Eleventh Amendment prohibits federal-court lawsuits seeking monetary damages from individual state officers in their official capacities [footnote omitted] because such lawsuits are essentially 'for the recovery of money from the state.' Ford Motor Co. v. Department of the Treasury, 323 U.S. 459, 464... (1945). Moreover, the Supreme Court has held that 'neither a State nor its officials acting in their official capacities are 'persons' under § 1983' when sued for damages. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71... (1989)."

Treleven v. University of Minnesota, 73 F.3d 816, 817-18 (8th Cir. 1996).

---

[2] "'If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims.' Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir.1995); see Nix. v. Norman, 879 F.2d 429, 431 (8th Cir.1989). 'If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity.' Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir.1998).''

Baker v. Chisom, 501 F.3d 920, 923 (8th Cir. 2007) (emphasis added), cert. denied, 554 U.S. 902 (2008).

It would be futile for Plaintiff to amend his complaint, and allege that he is attempting to sue the two Attorneys General in their individual capacities, because he has alleged no facts that could support any individual capacity claim. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (to state an actionable civil rights claim "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution") (emphasis added).

In sum, all of the claims that Plaintiff is attempting to bring in this action are barred by the Eleventh Amendment. Therefore, Plaintiff's IFP application must be denied, and this action must be summarily dismissed, pursuant to § 1915(e)(2)(B)(iii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Dated: April 23, 2014

                                             s/Franklin L. Noel
                                             FRANKLIN L. NOEL
                                             United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 8, 2014**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.